UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BAIS YAAKOV OF SPRING VALLEY, ) ) Plaintiff, ) ) v. ) ) ACT, INC., ) ) Defendant. ) ) | CIVIL ACTION No. 12-40088-TSH |

**MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION (Docket No. 24)**
**December 16, 2013**

HILLMAN, D.J.

Introduction

Bais Yaakov ("Plaintiff") filed a complaint against ACT, Inc. ("Defendant") on July 30, 2012 for violations of the Telephone Consumer Protection Act, 47 U.S.C. s. 227 ("TCPA") and a similar New York Law, N.Y. General Business Law s. 396-aa. Plaintiff brought these claims on behalf of itself and all others similarly situated. Before Plaintiff filed its motion for class certification, Defendant made an offer of judgment to Plaintiff under Federal Rule of Civil Procedure 68 ("Rule 68"). Plaintiff did not accept this offer within 14 days, which under Rule 68 causes the offer to be considered withdrawn. Defendant then filed a motion on September 9, 2013 asking this Court to dismiss the case for lack of subject matter jurisdiction. For the reasons set forth below, Defendant's Motion to Dismiss (Docket No. 24) is denied.

Facts

Plaintiff is a religious corporation located in New York. In March, April, and May of

2012 Plaintiff alleges it received unsolicited faxes from Defendant that contained no opt-out notices. Plaintiff further alleges that from July 30, 2008 through July 30, 2012 Defendant either negligently or knowingly sent thousands of unsolicited or solicited faxes without opt-out notices to fax machines belonging to people throughout the United States, and from July 30, 2009 through July 30, 2012 either negligently or knowingly sent thousands of unsolicited or solicited faxes without opt-out notices to fax machines belonging to people throughout New York state. Plaintiff claims each of these faxes violated the TCPA or both the TCPA and N.Y. General Business Law s. 396-aa. As a result, Plaintiff brought suit against Defendant on its own behalf and seeking to represent three classes of people.[1]

The parties agreed that the deadline for Plaintiff's class action certification motion would be October 31, 2013. On August 2, 2013, before Plaintiff filed its motion for class certification, Defendant made an offer of judgment to Plaintiff under Rule 68. The offer, if accepted, would grant judgment in favor of Plaintiff with the follow terms: (1) Defendant shall pay Plaintiff $1,600 for each of the four faxes attached to the offer, representing maximum statutory damages that could be recovered under the TCPA and N.Y. General Business Law s. 396-aa; (2) Defendant shall pay Plaintiff $1,600 for each similar additional fax, if any, sent by Defendant to Plaintiff; (3) Defendant shall pay Plaintiff three times the actually monetary damages resulting from the faxes being sent if the actual monetary damages exceed the set statutory damages ($500); (4) Defendant shall pay Plaintiff's court costs, as determined by the Court; (5) Defendant

---

[1] The three classes proposed in Plaintiff's complaint are:
  Class A: All persons in the United States from July 30, 2008 through July 30, 2012 to whom Defendant sent or caused to be sent an unsolicited facsimile advertisement, advertising the commercial availability or quality of any property, goods, or services, which contained no opt-out notice.
  Class B: All persons in the United States from July 30, 2008 through July 30, 2012 to whom Defendant sent or caused to be sent a facsimile advertisement, whether solicited or nonsolicited, advertising the commercial availability or quality of any property, goods, or services, which contained no opt out-notice.
  Class C: All persons in New York state from July 30, 2009 through July 30, 2012 to whom Defendant sent or caused to be sent an unsolicited facsimile advertisement, advertising the commercial availability or quality of any property, goods, or services, which contained no opt-out notice.

shall pay Plaintiff's reasonable attorney fees if the Court determines Plaintiff would be entitled to recover attorney's fees if it had prevailed on any of its claims; and (6) Defendant shall be permanently enjoined from sending Plaintiff any faxes that would violated the TCPA or any applicable state law then in effect or otherwise communicating with Plaintiff in a manner that violates the TCPA.

Plaintiff did not accept this offer within 14 after he offer was made. On September 4, 2013, approximately one month after it made the offer of judgment, Defendant filed its motion to dismiss.

## Discussion

Defendant argues this case should be dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) because its offer of judgment renders the case moot by negating the existence of a case of controversy. Federal courts' jurisdiction is limited to those claims which embody actual cases or controversies.  U.S. Const. art. III, s. 2 cl. 1.; *see Cruz v. Farquharson*, 252 F.3d 530, 533 (1st Cir. 2001).  A case or controversy ceases to exist, rendering the case moot and depriving the court of jurisdiction, when the parties lack a legally cognizable interest in the outcome of the case.  *Cruz*, 252 F.3d at 533.  A case or controversy must exist at every stage of the litigation, or else the case must be dismissed.  *Id*.  Defendant urges that no case or controversy exists here, because Plaintiff has been offered all the relief it could obtain with a judgment in its favor and thus Plaintiff no longer has a personal stake in the litigation. As no class has yet been certified, there is no other entity with a cognizable interest in the case, so the case should be moot.

Plaintiff responds that it did not accept the offer, so its stake in the litigation remains as it was before the offer. Under Rule 68, if an offer is not accepted within 14 days, it is "considered

withdrawn." Fed.R.Civ.P. 68.  Evidence of an unaccepted offer is only admissible in a proceeding to determine costs; if the offeree obtains a judgment that is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made.  *Id*. Plaintiff argues that because it did not accept the offer within 14 days, the offer was withdrawn and Plaintiff's claim was not satisfied.  The question presented, then, is whether an unaccepted offer of judgment under rule 68 in a purported class action moots a Plaintiff's claim if the offer is made before the Plaintiff files a motion to certify the class.[2]

There is a split amongst the Circuits on this issue.  The Seventh Circuit holds that an unaccepted Rule 68 offer moots a plaintiff's claims and the claim is dismissed.  *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011).  The Fourth Circuit agrees, holding that "[w]hen a Rule 68 offer unequivocally offers a plaintiff all of the relief she sought to obtain, the offer renders the plaintiff's action moot."  *Warren v. Sessoms & Rogers, P.A.,* 676 F.3d 365, 371 (4th Cir. 2012) (internal citations omitted).  The Sixth Circuit holds that the unaccepted offer moots the case, but that judgment should be entered for the plaintiff in accordance with the rule 68 offer.  *O'Brien v. Ed Donnelly Enters., Inc*., 575 F.3d 567, 574–75 (6th Cir.2009).  This is the position of the Second Circuit as well.  *McCauley v. Trans Union, LLC*., 402 F.3d 340, 342 (2d Cir.2005).

The Third Circuit has ruled that an offer of judgment in a class action suit does not moot the action when the offer is made so early that the representative could not have filed a class certification motion yet, though it does moot the individual claim(s).  *Weiss v. Regal Collections,* 385 F.3d 337, 347-48 (3rd Cir. 2004).  The Fifth Circuit and Tenth Circuit have both followed the holding in *Weiss*.  *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 920-21 (5th Cir. 2008);

---

[2] The Court is assuming for the purposes of this discussion that the offer of judgment fully satisfies Plaintiff's claims.

*Lucero v. Bureau of Collection Recovery, Inc.,* 639 F.3d 1239, 1250 (10th Cir. 2011) ("[W]e hold that a named plaintiff in a proposed class action for monetary relief may proceed to seek timely class certification where an unaccepted offer of judgment is tendered in satisfaction of the plaintiff's individual claim before the court can reasonably be expected to rule on the class certification motion.").

In recent decision, the Ninth Circuit unequivocally held that "an unaccepted Rule 68 offer that would have fully satisfied a plaintiff's claim does not render that claim moot." *Diaz v. First Am. Home Buyers Prot. Corp*., 732 F.3d 948, 954-55 (9th Cir. 2013). The Court explained that once the offer lapsed it became "a legal nullity" under Rule 68, and thus the Plaintiff's claim remained unsatisfied. *Id*.

In making its decision in *Diaz*, the Ninth Circuit relied heavily on the reasoning from Justice Kagan's dissenting opinion in *Genesis Healthcare Corp. v. Symczyk*. In *Genesis Healthcare*, the majority decision recognizes that "the Courts of Appeals disagree whether an unaccepted offer that fully satisfies a plaintiff's claim is sufficient to render the claim moot" but "[does] not reach this question, or resolve the split," finding that the issue was not properly before the Court. 133 S.Ct. 1523, 1528-29. Justice Kagan, joined by three other Justices, wrote a dissenting opinion directly addressing the issue and finding that "an unaccepted offer of judgment cannot moot a case." *Id*. at 1532-38 (Kagan, J. dissenting). Justice Kagan explained that "[a]n unaccepted settlement offer—like any unaccepted contract offer—is a legal nullity, with no operative effect." *Id*. at 1533. Therefore, "[w]hen a plaintiff rejects such an offer— however good the terms—her interest in the lawsuit remains just what it was before. And so too does the court's ability to grant her relief." *Id*. Justice Kagan goes on to conclude that under Rule 68 it is the plaintiff's choice "not the defendant's or the court's, whether satisfaction of her

individual claim, without redress of her viable classwide allegations, is sufficient to bring the lawsuit to an end." *Id*. at 1536.

There is no controlling opinion in the First Circuit on this issue. Defendant argues that *Cruz* controls and mandates that this case be dismissed. This Court disagrees, finding *Cruz* distinguishable and it's holding inapplicable to this set of facts. In *Cruz*, eight named plaintiffs, four American citizens and their respective alien spouses, brought a complaint against the Director of the Boston INS office (the "Director") on behalf of themselves and a class of all persons within the jurisdiction of the Boston INS office who had their adjustment of status petitions pending for more than one year. 252 F.3d at 532. Within 10 weeks, and before the named plaintiffs had moved for class certification, INS granted all the named plaintiffs' adjustment of status petitions. *Id*. The Director then moved to dismiss the complaint as moot. *Id*. at 533. The District Court granted the motion, and the First Circuit affirmed this decision, noting that the named plaintiffs had received complete relief. *Id*. Here, unlike the plaintiffs in *Cruz*, Plaintiff has received no relief, only an offer for relief which was never accepted. The ability of a plaintiff to accept or reject the offer of judgment is what Justice Kagan emphasizes when she finds an unaccepted offer of judgment cannot moot a claim, and it is what distinguishes this case from *Cruz*, where there was no offer for the plaintiffs to reject. *See Genesis Healthcare*, 133 S.Ct. at 1532-38 (Kagan, J. dissenting).

With no controlling precedent in the First Circuit, this Court has looked to the reasoning expressed by other courts on this issue, and is persuaded by that expressed the Ninth Circuit in *Diaz* and by Justice Kagan's dissent in *Genesis Healthcare*. By its terms, Rule 68 gives plaintiff the ability to either accept or reject an offer, and gives a court authority to "enter judgment only when a plaintiff accepts an offer." *Genesis Healthcare*, 133 S.Ct. at 1536 (Kagan, J. dissenting);

Fed.R.Civ.P. 68.  Rule 68 only gives one effect to an unaccepted offer, that a plaintiff may have to pay the offerors costs if she does not obtain a judgment more favorable than the offer. Fed.R.Civ.P. 68(d).  An "offer," rather than "order," "ruling," or other like terms, gives the offeree the ability to accept its terms or reject it and proceed unhindered.  A plaintiff seeking to represent a class should be permitted to accept an offer of judgment on her individual claims under Rule 68, receive her requested individual relief, and have the case dismissed, or reject the offer and proceed with the class action.  Here, Plaintiff chose the latter course, and, having allowed the offer to lapse, still has an unsatisfied claim that can be redressed by the Court. This case, therefore, has not been rendered moot, and the Court retains subject matter jurisdiction.

## Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Docket. No. 24) is **denied**.

SO ORDERED.

/s/ *Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**UNITED STATES DISTRICT JUDGE**