**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| | ) | |
| BAIS YAAKOV OF SPRING VALLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | No. 12-40088-TSH |
| | ) | |
| ACT, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER ON DEFENDANT'S MOTION TO AMEND THE COURT'S MEMORANDUM**
**OF DECISION OF 12/16/13 TO CERTIFY THE DECISION FOR INTERLOCUTORY**
**REVIEW PURSUANT TO 28 U.S.C. § 1292 (b) (Doc. No. 50)**
**January 22, 2014**

HILLMAN, D.J.

In its motion to dismiss, ACT, Inc. ("Defendant") argued that this Court lacked subject

matter jurisdiction over this case as Defendant's offer of judgment under Fed.R.Civ.P. 68 ("Rule

68") rendered the claims of Bais Yaakov ("Plaintiff") and the putative class moot. On December

16, 2013 this Court denied Defendant's motion to dismiss (Doc. No. 47)[1] after determining the

unaccepted Rule 68 offer of judgment did not moot any of the claims in this case. Defendant now

moves for an order amending that decision to certify the decision for an interlocutory appeal

pursuant to 28 U.S.C. § 1292(b). Specifically, Defendant asks that the following question be

certified for appeal: Whether an unaccepted offer of judgment under Rule 68 in a putative class

action, when the offer is made before the Plaintiff files a motion to certify the class, moots the

Plaintiff's entire action and thereby deprives a court of federal subject matter jurisdiction? For

the reasons set forth below, Defendant's motion is allowed.

---

[1] This decision assumes familiarity with the facts set forth in the Court's denial of Defendant's motion to dismiss.

Certification for interlocutory review under 28 U.S.C. § 1292(b) is appropriate when a district judge is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."   28 U.S.C. § 1292(b). Although the First Circuit has cautioned that "interlocutory certification under 28 U.S.C. § 1292(b) should be used sparingly," and is not normally appropriate for a denial of a motion to dismiss, certification is proper "where the proposed intermediate appeal presents one or more difficult and pivotal questions of law not settled by controlling authority."   *McGillicuddy v. Clements*, 746 F.2d 76, 77 n. 1 (1st Cir. 1984).

The parties agree, as does this Court, that the proposed question for certification presents a difficult question of law not settled by controlling authority. As explained in this Court's denial of Defendant's motion to dismiss, there is a split amongst the Circuit courts, and no controlling authority in the First Circuit as to whether an unaccepted offer of judgment under rule 68 in a purported class action moots a plaintiff's claim(s) if the offer is made before the plaintiff files a motion to certify the class.

Plaintiff argues, however, that the remaining elements required for certification under 28 U.S.C. § 1292(b) are not met because Plaintiff put forth three other arguments opposing Defendant's motion to dismiss which the Court did not reach. In addition to claiming that a Rule 68 offer of judgment should not moot its claim, Plaintiff argued that the Court retained subject matter jurisdiction because the offer left the relief to be determined, because the offer of judgment did not offer all of the relief Plaintiff would be entitle to, and because Plaintiff still possessed a personal stake in the case continuing as a class action. Thus, Plaintiff reasons, the question of law is not controlling, nor would an appeal materially advance the termination of the

litigation, because even a reversal of the Court's decision would leave three arguments to be addressed on the motion to dismiss. Plaintiff therefore asks the Court to either deny the present motion or to first rule on the alternative arguments.

This Court finds that none of Plaintiff's alternative arguments are sufficient to defeat Defendant's motion to dismiss. First Plaintiff argued that this case should not be dismissed because the offer left the amount of relief to be determined.  It has been held that an offer "leaving the amount of damages to be determined by the Court upon plaintiff's submissions" does not moot a claim. *Warren v. Sessoms & Rogers, P.A*  676 F.3d 365, 372 (4th Cir. 2012). However, in this case the actual amount of damages is not left to the Court.  Plaintiff seeks defined statutory damages for a specific number of faxes it received. Defendant has offered the full amount recoverable under the applicable statutes for each of the three faxes Plaintiff received.  Plaintiff has elected to recover statutory damages rather than actual damages; it would not be entitled to both, so no calculation of actually damages regarding the faxes would be required.

Although attorney fees, if applicable, are left to the court by this offer, "a party's interest in recouping attorney's fees does not create a stake in the outcome sufficient to resuscitate an otherwise moot controversy."  *Diffenderfer v. Gomez-Colon*, 587 F.3d 445, 452 (1st Cir. 2009). A court may lack jurisdiction due to mootness and still decide on the question of attorney's fees. *Id.*; *see also Savage Indus., Inc.*, 43 F.3d 714, 719 n. 6 (1st Cir.1994).  Therefore, though attorney's fees are left to be determined by the court, the underlying claim still may be dismissed as moot, with the court retaining jurisdiction purely for that issue.  *See Diffenderfer*, 587 F.3d at 452-53 ("[T]he question of attorney's fees is ancillary to the underlying action and survives

independently under the Court's equitable jurisdiction.") (*quoting United States v. Ford*, 650 F.2d
1141, 1143-44 (9th Cir.1981)).

Second, Plaintiff argued Defendant's offer of judgment did not offer all Plaintiff is
entitled to because Plaintiff is entitled to damages per violation, not per fax as offered by
Defendant. Both the statutory language of the TCPA and NY GBL s. 396-aa and the relevant
case law belie this argument.  The TCPA prohibits sending an unsolicited fax unless certain
conditions are met, and specifically creates a private right of action for such violations.  47
U.S.C. s. 227(b)(1)(C), (b)(3).  It places technical and procedural requirements on outgoing
faxes, but does not create a private right of action for violations of these.  47 U.S.C. s. 227(d);
*see  Lynn v. Monarch Recovery Mgmt., Inc.,* 2013 WL 1247815 (D. Md. 2013) ("Unlike §
227(b), § 227(d) does not authorize a private right of action for violations of that subsection.").
Courts have found that individuals may seek damages for faxes sent in violation of the TCPA,
but not for individual violations within a single fax.  *Klein v. Vision Lab Telecommunications,
Inc.*, 399 F. Supp. 2d 528, 539-40 (S.D.N.Y. 2005) ("The TCPA empowered citizens to sue for
relief from the problem created by the receipt of unsolicited fax advertisements, not for
deficiencies in the faxes received."); *see also Adler v. Vision Lab Telecommunications, Inc.*, 393
F. Supp. 2d 35, 38-39 (D.D.C. 2005).  As such, statutory damages under the TCPA are calculated
"per offending fax."  *Gene And Gene LLC v. BioPay LLC*, 541 F.3d 318, 325 n. 6 (5th Cir. 2008)

The same is true under N.Y. GBL § 396-aa.3, where statutory damages should be
awarded per offending fax.  The language of the statute permits "[a]ny person who has received a
telefacsimile transmission in violation of this section [to] bring an action in his own name to
recover his actual damages or one hundred dollars, whichever is greater," suggesting statutory
damages are to be awarded for each fax.  N.Y. GBL § 396-aa.3.  A New York Court has also

read the statute this way, noting that the statute "provides for a private cause of action to recover…$100 per fax." *Gottlieb v. Carnival Corp*., 635 F. Supp. 2d 213, 222 (E.D.N.Y. 2009). Defendant's offer to pay the maximum in statutory damages per fax received by Plaintiff therefore full satisfies Plaintiff's demands for damages.

Plaintiff also argued the injunctive relief offered by Defendant is insufficient because the injunction only enjoins Defendant from sending faxes that would violate the TCPA or state law to Plaintiff, rather than to anyone. However, as a class was never certified in this case, Plaintiff may only seek the injunction on behalf of itself. *Brown v. Trustees of Boston Univ*., 891 F.2d 337, 361 (1st Cir. 1989) ("Ordinarily, classwide relief, such as the injunction here…is appropriate only where there is a properly certified class."); *see Zepeda v. U.S. I.N.S*., 753 F.2d 719, 727 (9th Cir. 1983).  ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."). Defendant has offered all the injunctive relief Plaintiff is entitled to, relief based on the faxes Plaintiff received.

Finally, Plaintiff claimed that even if its individual claims are mooted, the case should not be dismissed as moot because Plaintiff still has an interest in representing the class and has an economic stake in shifting attorney's fees and costs to class members and obtaining an incentive award. The First Circuit's decision in *Cruz* rejects the first argument. In *Cruz*, the Court dismissed a case on mootness grounds when the named Plaintiffs' individual claims had been fully resolved.  The Court found the class action was moot as well, because a class was not certified before the individual claims were dismissed, and "only when a class is certified does the class acquire a legal status independent of the interest asserted by the named plaintiffs."  252 F. 3d at 533-34.  There can be no interest in representing a class that does not exist.

Moreover, an interest in attorney's fees does not save a claim from mootness. *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 480, 110 S. Ct. 1249 (1990) (This interest in attorney's fees is, of course, insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim"); *Diffenderfer*, 587 F.3d at, 452 ("a party's interest in recouping attorney's fees does not create a stake in the outcome sufficient to resuscitate an otherwise moot controversy."). The incentive award, which essentially reimburses plaintiffs for expenses spent on litigating the class action, is of the same nature as attorney's fees and similarly does not revive a moot claim. Plaintiff relies on *Deposit Guaranty Nat. Bank v. Roper*, 445 U.S. 326, 100 S.Ct. 1166 (1980) which held that Plaintiffs who had already applied for class certification and been denied could appeal the ruling on class certification due to their personal economic interest in attorney's fees and expenses. 445 U.S. at 332-34, n. 6. These facts are distinguishable, as Plaintiff only applied class certification after the motion to dismiss had been filed in this case.[2] Plaintiff therefore has no interest in representing the putative class in this case which could save the case from mootness.

Having determined Plaintiff's alternative arguments against the dismissal of the case are not successful, this Court finds that certification for interlocutory appeal under 28 U.S.C. § 1292(b) is appropriate in this case. The question posed presents a controlling question of law which over which there is substantial difference of opinion, as evidenced by the split between the Circuits. Resolution of the question has the potential to terminate this litigation, as a decision overturning this Court's denial of Defendant's motion to dismiss would result in the dismissal of the case in its entirety.

---

[2] It is also worth noting that the Supreme Court explained in *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1532 (2013) that only "because *Roper* is distinguishable on the facts" did the Court "need not consider its continuing validity in light of our subsequent decision in Lewis."

Therefore, Defendant's Motion to Amend the Court's Memorandum of Decision of 12/16/13 for Interlocutory Review Pursuant to 28 U.S.C. § 1292(b) is **_granted_**. This Court's December 16, 2013 Memorandum of Decision is amended in accordance with this Order and the following question is certified for interlocutory appeal:  Whether an unaccepted offer of judgment under Rule 68 in a putative class action, when the offer is made before the Plaintiff files a motion to certify the class, moots the Plaintiff's entire action and thereby deprives a court of federal subject matter jurisdiction? This case is stayed during the pendency of the certification process and any appeal.


SO ORDERED.


**_/s/ Timothy S. Hillman_**
**TIMOTHY S. HILLMAN**
**UNITED STATES DISTRICT JUDGE**