## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____
)
**BAIS YAAKOV OF SPRING VALLEY,**    )
)                    **CIVIL ACTION**
**Plaintiff,**    )
)                    **NO. 4:12-CV-40088-TSH**
**v.**    )
)
**ACT, INC.,**    )
)
**Defendant.**    )
_____ )


## MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DEPOSIT FUNDS (Docket No. 82) AND DEFENDANT'S MOTION TO DISMISS (Docket No. 102)

### May 10, 2016

This decision concerns the most recent attempt by ACT, Inc. (Defendant) to satisfy the individual claims of Bais Yaakov of Spring Valley (Plaintiff), in order to make the case moot and prevent the instigation of a class action. In furtherance of that goal, Defendant moves to deposit $4,800 with the court and to dismiss the case for lack of subject matter jurisdiction. Because the parties dispute whether $4,800 would fully satisfy Plaintiff's requested relief, I reject these attempts. As explained below, Defendant's motions to deposit funds (Docket No. 82) and to dismiss (Docket No. 102) are ***denied***.

### Background

Plaintiff is a religious corporation located in New York. In March, April, and May of 2012, Plaintiff alleges that it received unsolicited faxes from Defendant, which did not contain opt-out notices, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA) and a similar New York law, N.Y. General Business Law § 396-aa (section 396-aa). Plaintiff further

1

alleges that from July 30, 2008 through July 30, 2012 Defendant either negligently or knowingly sent thousands of unsolicited or solicited faxes without opt-out notices to fax machines belonging to people throughout the United States, and from July 30, 2009 through July 30, 2012 either negligently or knowingly sent thousands of unsolicited or solicited faxes without opt-out notices to fax machines belonging to people throughout New York.  Plaintiff claims that each of these faxes violated the TCPA, or both the TCPA and section 396-aa.  As a result, on July 30, 2012, Plaintiff brought suit against Defendant on its own behalf and seeking to represent three classes of people.[1]

### *Defendant's Offer of Judgment and Motion to Dismiss*

On August 2, 2013, before Plaintiff had filed a motion for class certification, Defendant made an offer of judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure.[2]  Plaintiff

---

[1] The three classes proposed in Plaintiff's complaint are:

Class A: All persons in the United States from July 30, 2008 through July 30, 2012 to whom Defendant sent or caused to be sent an unsolicited facsimile advertisement, advertising the commercial availability or quality of any property, goods, or services, which contained no opt-out notice.

Class B: All persons in the United States from July 30, 2008 through July 30, 2012 to whom Defendant sent or caused to be sent a facsimile advertisement, whether solicited or non-solicited, advertising the commercial availability or quality of any property, goods, or services, which contained no opt out-notice.

Class C: All persons in New York state from July 30, 2009 through July 30, 2012 to whom Defendant sent or caused to be sent an unsolicited facsimile advertisement, advertising the commercial availability or quality of any property, goods, or services, which contained no opt-out notice.

[2] The offer, if accepted, would have granted judgment in favor of Plaintiff with the following terms: (1) Defendant shall pay Plaintiff $1,600 for each of the four faxes attached to the offer, representing maximum statutory damages that could be recovered under the TCPA and N.Y. General Business Law § 396-aa; (2) Defendant shall pay Plaintiff $1,600 for each similar additional fax, if any, sent by Defendant to Plaintiff; (3) Defendant shall pay Plaintiff three times the actually monetary damages resulting from the faxes being sent if the actual monetary damages exceed the set statutory damages ($500); (4) Defendant shall pay Plaintiff's court costs, as determined by the Court; (5) Defendant shall pay Plaintiff's reasonable attorney fees if the Court determines Plaintiff would be entitled to recover attorney's fees if it had prevailed on any of its claims; and (6) Defendant shall be permanently enjoined from sending Plaintiff any faxes that

did not accept this offer within fourteen days after it was made, and it expired.  On August 6, 2013,

Plaintiff moved for class certification.  On September 4, 2013, approximately one month after

making its offer of judgment, Defendant moved to dismiss for lack of subject matter jurisdiction,

arguing that its unaccepted offer of judgment rendered the case moot by negating the existence of

a case or controversy.  In response, Plaintiff argued that its claims had not been satisfied because

it had not accepted the offer.  In the face of a circuit split and no applicable First Circuit precedent,

I denied Defendant's motion to dismiss on December 16, 2013, finding that the offer of judgment

did not moot Plaintiff's claims.  I assumed, for the purposes of my discussion of the issue of

whether the offer of judgment mooted the case, that the offer would have fully satisfied Plaintiff's

individual claims. (Docket No. 47 at 4 n.2.)

On December 23, 2013, Defendant moved this Court to certify an interlocutory appeal of

the decision denying the motion to dismiss.  On December 24, 2013, Plaintiff filed an amended

motion for class certification.  On January 22, 2014, I certified an interlocutory appeal of my

decision on Defendant's motion to dismiss.  Although the parties agreed that the proposed question

for certification presented an unsettled issue of law, Plaintiff argued that the remaining elements

for interlocutory certification were not satisfied, because it had put forth three additional arguments

in defense against Defendant's motion to dismiss, which I had not reached in my written decision

denying the motion.  Accordingly, I addressed each of these arguments in the certification order,

as explained below.

---

would violated the TCPA or any applicable state law then in effect or otherwise communicating
with Plaintiff in a manner that violates the TCPA.

First, Plaintiff had argued that the court retained subject matter jurisdiction because Defendant's offer of judgment left the amount of relief to be determined. I rejected this argument, finding that:

> [T]he actual amount of damages is not left to the Court. Plaintiff seeks defined statutory damages for a specific number of faxes it received. Defendant has offered the full amount recoverable under the applicable statutes for each of the three faxes Plaintiff received. Plaintiff has elected to recover statutory damages rather than actual damages; it would not be entitled to both, so no calculation of actual[] damages regarding the faxes would be required.

(Docket No. 63 at 3.) I further found that, although the offer left to the court the determination of attorneys' fees, the court could make this determination even if the case were moot.

Second, Plaintiff had argued that Defendant's offer of judgment did not offer all of the relief to which Plaintiff was entitled. Defendant offered statutory damage per fax, whereas Plaintiff claimed an entitlement to damages per violation, with each fax containing multiple violations. I rejected Plaintiff's argument, finding that statutory damages under the TCPA are properly calculated per offending fax. In support of the finding that "individuals may seek damages for faxes sent in violation of the TCPA, but not for individual violations within a single fax," I cited to decisions from the Southern District of New York, the District of Columbia, and the Fifth Circuit. (Docket No. 63 at 4.) I found the same to be true under section 396-aa. Thus, I concluded that "Defendant's offer to pay the maximum in statutory damages per fax received by Plaintiff therefore full[y] satisfies Plaintiff's demands for damages." (Docket No. 63 at 5.)[3]

---

[3] Plaintiff had also asserted that the injunctive relief offered by Defendant was insufficient because the injunction only enjoined Defendant from sending faxes that would violate the TCPA or state law to Plaintiff. I found that Plaintiff was only entitled to seek an injunction on behalf of itself at that stage of the litigation, when the class had not yet been certified.

Third, Plaintiff had argued that even if its individual claims were moot, the case should not have been dismissed because it had an interest in representing the class and an economic stake in shifting attorneys' fees and costs to class members and obtaining an incentive award.  I rejected this argument on the basis of the First Circuit's decision in *Cruz v. Farquharson*, in which the court held that a class acquires legal status independent of the interest asserted by the named plaintiffs only after the class has been certified. 252 F.3d 530, 534 (1st Cir. 2001).  The Plaintiff relied on *Deposit Guar. Nat. Bank, Jackson, Miss. v. Roper*, in which the Supreme Court held that plaintiffs who had applied for and were denied class certification could appeal that ruling after full satisfaction of their individual claims, due to their personal economic interest in shifting the burden of attorneys' fees and expenses to putative class members. 445 U.S. 326, 332-34 & n.6 (1980).  I found the instant facts to be distinguishable because Plaintiff applied for class certification *after* Defendant moved to dismiss.

After rejecting Plaintiff's three alternative arguments, I certified the following question for interlocutory review: "Whether an unaccepted offer of judgment under Rule 68 in a putative class action, when the offer is made before the Plaintiff files a motion to certify class, moots the Plaintiff's entire action and thereby deprives a court of federal subject matter jurisdiction." (Docket No. 63 at 7.)  I also stayed the case pending appeal, and denied Plaintiff's motion for class certification, without prejudice to refile after the certification process and any appeal.

## *The First Circuit's Decision on Appeal*

On August 21, 2015, the First Circuit issued a decision affirming my order denying Defendant's motion to dismiss. *Bais Yaakov of Spring Valley v. ACT, Inc.*, 798 F.3d 46, 55 (1st Cir. 2015), *cert. denied*, 136 S. Ct. 982 (2016).  The court held that "a rejected and withdrawn offer of settlement of the named plaintiff's individual claims in a putative class action made before

the named plaintiff moved to certify a class did not divest the court of subject matter jurisdiction by mooting the named plaintiff's claims." *Id.* at 46.

Although the First Circuit affirmed my decision, it did not agree with all aspects of my analysis.  In the realm of the Plaintiff's interest in attorneys' fees, the First Circuit rejected my conclusion that *Roper* was distinguishable on the timing of the class certification motion. *Id.* at 49-50 & n.2.  The court noted significant uncertainty on the issue of whether a continuing interest in attorneys' fees and an incentive award would be sufficient to preclude mootness. *Id.* at 50.

Ultimately, the court limited its inquiry to "determining whether the named plaintiff's individual claim was indeed 'fully resolved'—and therefore mooted—by the tendering of the Rule 68 offer." *Id.* at 51.  In determining whether the claim was fully resolved, the court first addressed the issue of whether a plaintiff who refuses a Rule 68 offer has "received complete relief," such that there remains no individual case or controversy. *Id.*  The court noted that the circuits were split on this issue, and there was an absence of clarifying Supreme Court precedent. *Id.* at 51-52. The court ultimately held that "a Rule 68 offer cannot, by itself, moot a plaintiff's claim. . . . We take this position because, when employed as ACT hopes to employ it here, an unaccepted Rule 68 offer is a red herring: it does not, in itself, provide any relief.  And nothing in Rule 68—or any other rule—contemplates use of a *rejected* offer to secure dismissal of a case." *Id.* at 52 (citations omitted).

In furtherance of its Rule 68 argument, Defendant asserted that I could have entered judgment for Plaintiff, just as I would have if Plaintiff had accepted the Rule 68 offer, even though it did not accept the offer.  The First Circuit rejected this proposed construction of Rule 68, noting that it would require the district court to "make what in effect are qualitative assessments of the legal and factual merits of the claims, defenses, and evidence." *Id.* at 52-53.  The court explained:

> This very case provides a good illustration of the manner in which ACT's view of Rule 68 easily invites the qualitative assessment of the maximum available relief when a plaintiff rejects an offer, yet the defendant cites the making of the offer as proof of mootness. Bais Yaakov claims that ACT's offer was too small because it provided for only a single statutory award for each missing notice while Bais Yaakov seeks a statutory award for each required element of the notice that was not sent.[] The offer therefore equaled far less than what Bais Yaakov claims a right to recover.
>
> The rules make clear how a court resolves such a disagreement about the measure of damages under the applicable statutes: a defendant could move to dismiss (or for partial summary judgment, or for judgment on the pleadings) on any claim for recovery above a single award for each missing notice. *See* Fed. R. Civ. P. 12(b)(6), 12(c), 56.  In this case, ACT never filed such a motion. Nor did it amend its offer, asserting on appeal (and after Bais Yaakov moved for class certification) only a willingness to re-extend it.  Instead, latching onto Rule 12(b)(1), ACT asked the court to find that it lacked subject matter jurisdiction by first finding that Bais Yaakov was wrong on the merits of its damage theory.  Were we to bless this approach, courts would find themselves ruling on the merits of claims under the guise of determining whether cases are moot.[]

*Id.* at 53 (citations omitted).  Further, the court rejected an invitation to review my determination regarding the appropriate measure of damages, noting that "the parties' disagreement on this issue simply underscores the correctness of the district court's ruling that Bais Yaakov's case was not moot." *Id.* at 53 n.11.  Thus, the First Circuit made clear that, despite my previous findings, the amount of Plaintiff's potential damages remains in dispute.

I retained the stay of the case pending the outcome of Defendant's petition for certiorari in the Supreme Court, which was denied on January 25, 2016.  Meanwhile, however, the Supreme Court was already considering a case that addressed this very same issue.

### *Campbell-Ewald Co. v. Gomez*

On January 20, 2016, the Supreme Court issued its decision in *Campbell-Ewald Co. v. Gomez*, holding—consistent with the First Circuit's decision in this case—that an unaccepted offer

to satisfy the named plaintiff's individual claim was not sufficient to render a case moot, when the complaint sought relief on behalf of the plaintiff and a class of persons similarly situated. 136 S. Ct. 663, 666 (2016). The Court held that, "in accord with Rule 68 of the Federal Rules of Civil Procedure, an unaccepted settlement offer has no force." *Id.* "Under basic principles of contract law, [the defendant's] settlement bid and Rule 68 offer of judgment, once rejected, had no continuing efficacy." *Id.* at 670. "In short, with no settlement offer still operative, the parties remained adverse; both retained the same stake in the litigation they had at the outset." *Id.* at 670-71. Because the unaccepted settlement offer did not moot the named plaintiff's individual claims, it also did not preclude class certification: "[A] would-be class representative with a live claim of her own must be accorded a fair opportunity to show that certification is warranted." *Id.* at 672.

The *Campbell-Ewald* Court did not decide "whether the result would be different if a defendant deposits the full amount of the plaintiff's individual claim in an account payable to the plaintiff, and the court then enters judgment for the plaintiff in that amount." *Id.* The Court also did not reach the question of whether the purported class representative's claim for class relief would prevent the case from becoming moot even if the plaintiff's individual claim was mooted. *Id.* at 679 n.1 (Roberts, C.J., dissenting). However, in concurring and dissenting opinions, Chief Justice Roberts and Justices Thomas, Scalia, and Alito stated expressly that tendering a check or depositing one with the district court would moot a plaintiff's individual claims. *Id.* at 675 (Thomas, J., concurring); *id.* at 680 (Roberts, C.J., dissenting)[4]; *id.* at 684 (Alito, J., dissenting).

### *Defendant's Rule 67 Attempt*

The day after the Supreme Court issued its decision in *Campbell-Ewald*, Defendant filed a motion to deposit $4,800 with this Court, pursuant to Rule 67(a) of the Federal Rules of Civil

---

[4] The Chief Justice's dissent was joined by Justices Scalia and Alito.

Procedure, as payment to Plaintiff to resolve all claims in this lawsuit.  Defendant asked this Court to "irrevocably hold the payment on behalf of Bais Yaakov, and disburse the funds to Bais Yaakov." (Docket No. 82 at 2.)   On the same day, Defendant sent to Plaintiff's counsel, by overnight delivery, a certified check for $4,800.  In a letter accompanying the payment, Defendant explained that this amount represented what this Court had already determined was the maximum amount that Plaintiff could recover on the merits of its claims—$1,500 per fax under the TCPA and $100 per fax under section 396-aa.  Defendant stated that the payment was irrevocable and effective immediately.  Defendant also wrote that it agreed to be enjoined from sending any faxes to Plaintiff that would violate the TCPA or section 396-aa and to pay any attorneys' fees that this Court awarded.  The same day, Plaintiff filed a renewed motion for class certification.

Plaintiff's counsel returned the certified check to Defendant's counsel, who continues to hold it with instructions to provide the funds to Plaintiff.  After a status conference, I lifted the stay on February 16, 2016 and set a schedule for continued discovery on the issue of class certification. On February 25, 2016, Defendant moved to dismiss for lack of subject matter jurisdiction, on the ground that the case is now moot because Defendant has unconditionally tendered full satisfaction of Plaintiff's claims.

### Discussion

Defendant argues that Plaintiff's claims are now moot because "Plaintiff has received everything that it could have been given in litigation." (Docket No. 103 at 8.)  Defendant cites to numerous cases in this regard, in each of which the plaintiffs' claims were rendered moot when the plaintiffs received all of the relief that they had requested. *See Alvarez v. Smith*, 558 U.S. 87, 89, 93 (2009); *California v. San Pablo & T.R. Co.*, 149 U.S. 308, 314 (1893); *Overseas Military Sales Corp. v. Giralt-Armada*, 503 F.3d 12, 16-17 (1st Cir. 2007); *Cruz*, 252 F.3d at 532-33.

Defendant relies on the fact that its latest payment, unlike the Rule 68 offer, is unconditional and will not expire.

Defendant also asserts that there can be no question that its payment was for the full amount of Plaintiff's claims.  When Defendant previously offered $1,600 per fax, in its Rule 68 offer, Plaintiff argued that this was not an offer for full relief, because Plaintiff was entitled to multiple awards of statutory damages for each fax, for a total of $15,000 per fax.  According to Defendant, I "squarely rejected that contention" in my order certifying interlocutory appeal of the decision on Defendant's motion to dismiss. (Docket No. 103 at 13.)  Defendant asserts that it is immaterial whether this decision was a merits decision or a decision made in the course of deciding mootness, because it was made before the instant motion and it was affirmed on appeal.  Thus, Defendant argues that my previous finding that Plaintiff is entitled to statutory damages per fax, not per violation, has become law of the case and cannot now be challenged.

Plaintiff disagrees, arguing that it has consistently maintained that it is entitled to multiple statutory damages awards for multiple violations within each fax.  Plaintiff seeks a total of $45,000, which is far more than the $4,800 that Defendant has attempted to tender in its most recent attempt to satisfy Plaintiff's individual claims.  Plaintiff further contends that, even if Defendant had filed a motion pursuant to Rule 12(b)(6), Rule 56, or Rule 12(c)—which it has not done—in order to determine the proper measure of damages, I would not necessarily adopt the finding that damages are per fax, not per violation, as I did in my order certifying the case for interlocutory review. Notwithstanding the First Circuit's take on the issue of whether this determination would even be appropriate, Plaintiff cites to recent cases in which courts have ruled that multiple statutory damages for multiple violations per fax are recoverable under the TCPA. *See Lary v. Trinity Physician Financial & Ins. Services*, 780 F.3d 1101, 1105-06 (11th Cir. 2015); *Kaye v. Amicus*

*Mediation & Arbitration Group, Inc.*, No. 3:12-cv-347, 2014 WL 5092876, *1 (D. Conn. Oct. 10, 2014).

Although the First Circuit affirmed my decision that Defendant's Rule 68 offer did not moot the case, as explained *supra*, the court manifestly did *not* adopt my determination regarding the proper measure of damages.  Indeed, the First Circuit expressly acknowledged that Defendant's offer "equaled far less than what Bais Yaakov claims a right to recover," and cautioned that it is improper for courts to determine the measure of disputed damages—a merits decision—"under the guise of determining whether cases are moot." *Bais Yaakov*, 798 F3d at 53.  Although necessarily implying that I erred in determining the appropriate measure of damages, the First Circuit explained that it did not need to review this decision because "the parties' disagreement on this issue simply underscores the correctness of the district court's ruling that Bais Yaakov's case was not moot." *Id.* at 53 n.11.

Accordingly, Defendant cannot now rely on the First Circuit's affirmation of my decision on the Rule 68 issue as determinative of the issue of damages.  To do so would ignore the First Circuit's clear message that, when the measure of damages is disputed, the mootness determination is not the proper place to settle the issue.  Thus, because the proper measure of damages for Plaintiff's claims remains in dispute, and Defendant has tendered less than the amount to which Plaintiff claims entitlement, the tender does not satisfy Plaintiff's claims.  There remains a live controversy over the measure of damages, and Plaintiff's individual claims are not moot.

Although the parties have presented extensive alternative arguments, the above analysis fully resolves the motion to dismiss and the motion to deposit funds.  However, I would add parenthetically that, even if Defendant tenders a check for the higher damages award (per violation rather than per fax), this would not necessarily end the class action.  Judge Saris's carefully written

decision discussing the "inherently transitory" exception in *South Orange Chiropractic Center, LLC v. Cayan LLC*, No. 15-13069, 2016 WL 1441791 (D. Mass. Apr. 12, 2016), leaves that issue open for further development, if necessary.  Accordingly, Defendant's motions to dismiss and to deposit funds are denied.

### Conclusion

For the reasons set forth above, Defendant's motion to deposit funds (Docket No. 82) and Defendant's motion to dismiss (Docket No. 102) are ***denied***.

**SO ORDERED.**

*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**