## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **BAIS YAAKOV OF SPRING VALLEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION** |
| | ) | |
| | ) | **NO. 4:12-CV-40088-TSH** |
| **v.** | ) | |
| | ) | |
| **ACT, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DISMISS
### (Docket No. 128)

### October 26, 2016

**HILLMAN, D.J.**

This decision concerns the third attempt by ACT, Inc. (Defendant) to satisfy the individual claims of Bais Yaakov of Spring Valley (Plaintiff), in order to make the case moot and prevent the instigation of a class action.  In its most recent iteration, Defendant has tendered $45,600 to Plaintiff and moves to dismiss the case for lack of subject matter jurisdiction.  For the reasons detailed below, Defendant's motion to dismiss (Docket No. 128) is ***denied***.

### Background

Plaintiff is a religious corporation located in New York.  In March, April, and May of 2012, Plaintiff alleges that it received unsolicited faxes from Defendant, which did not contain opt-out notices, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA) and a similar New York law, N.Y. General Business Law § 396-aa (section 396-aa).  Plaintiff further alleges that from July 30, 2008 through July 30, 2012 Defendant, either negligently or knowingly,

1

sent thousands of unsolicited or solicited faxes without opt-out notices to fax machines belonging to people throughout the United States, and from July 30, 2009 through July 30, 2012, either negligently or knowingly sent thousands of unsolicited or solicited faxes without opt-out notices to fax machines belonging to people throughout New York.  Plaintiff claims that each of these faxes violated the TCPA, or both the TCPA and section 396-aa.  As a result, on July 30, 2012, Plaintiff brought suit against Defendant on its own behalf and seeking to represent three classes of people.[1]

<u>*Defendant's Rule 68 Offer of Judgment and First Motion to Dismiss*</u>

On August 2, 2013, Defendant made an offer of judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure.  Plaintiff did not accept this offer within fourteen days after it was made, and it expired.  On August 6, 2013, Plaintiff moved for class certification.   On September 4, 2013, approximately one month after making its offer of judgment, Defendant moved to dismiss for lack of subject matter jurisdiction, arguing that its unaccepted offer of judgment rendered the case moot by negating the existence of a case or controversy.  In response, Plaintiff argued that its claims had not been satisfied because it had not accepted the offer.  In the face of a circuit split and no applicable First Circuit precedent, I denied Defendant's motion to dismiss on

---

[1] The three classes proposed in Plaintiff's complaint are:

Class A: All persons in the United States from July 30, 2008 through July 30, 2012 to whom Defendant sent or caused to be sent an unsolicited facsimile advertisement, advertising the commercial availability or quality of any property, goods, or services, which contained no opt-out notice.

Class B: All persons in the United States from July 30, 2008 through July 30, 2012 to whom Defendant sent or caused to be sent a facsimile advertisement, whether solicited or non-solicited, advertising the commercial availability or quality of any property, goods, or services, which contained no opt out-notice.

Class C: All persons in New York state from July 30, 2009 through July 30, 2012 to whom Defendant sent or caused to be sent an unsolicited facsimile advertisement, advertising the commercial availability or quality of any property, goods, or services, which contained no opt-out notice.

December 16, 2013, finding that the offer of judgment did not moot Plaintiff's claims.  I assumed, for the purposes of my discussion of the issue of whether the offer of judgment mooted the case, that the offer would have fully satisfied Plaintiff's individual claims.

On December 23, 2013, Defendant moved this Court to certify an interlocutory appeal of my decision denying the motion to dismiss.  On December 24, 2013, Plaintiff filed an amended motion for class certification.   On January 22, 2014, I certified the following question for interlocutory review: "Whether an unaccepted offer of judgment under Rule 68 in a putative class action, when the offer is made before the Plaintiff files a motion to certify class, moots the Plaintiff's entire action and thereby deprives a court of federal subject matter jurisdiction." (Docket No. 63 at 7.)  In my certification order, I noted that Defendant's offer of judgment had offered all of the relief to which Plaintiff was entitled, because statutory damages under the TCPA should be calculated per offending fax, rather than per violation—with each fax potentially containing multiple violations.  I also stayed the case pending appeal, and denied Plaintiff's motion for class certification, without prejudice to refile after the appeal.

<i>The First Circuit's Decision on Appeal</i>

On August 21, 2015, the First Circuit issued a decision affirming my order denying Defendant's motion to dismiss. *Bais Yaakov of Spring Valley v. ACT, Inc.*, 798 F.3d 46, 55 (1st Cir. 2015), *cert. denied*, 136 S. Ct. 982 (2016).  The court held that "a rejected and withdrawn offer of settlement of the named plaintiff's individual claims in a putative class action made before the named plaintiff moved to certify a class did not divest the court of subject matter jurisdiction by mooting the named plaintiff's claims." *Id.* at 46.  While ultimately affirming my decision, the First Circuit did not approve of the fact that I had made a determination regarding the proper measure of damages.  In furtherance of its Rule 68 argument, Defendant asserted that I could have

3

entered judgment for Plaintiff, just as I would have if Plaintiff had accepted the Rule 68 offer, even though it did not accept the offer. The First Circuit rejected this proposed construction of Rule 68, noting that it would require the district court to "make what in effect are qualitative assessments of the legal and factual merits of the claims, defenses, and evidence," because the amount of Plaintiff's potential damages remained in dispute. *Id.* at 52-53. The court explained that, if it were "to bless this approach, courts would find themselves ruling on the merits of claims under the guise of determining whether cases are moot." *Id.* at 53.

I retained the stay of the case pending the outcome of Defendant's petition for certiorari in the Supreme Court, which was denied on January 25, 2016. At the same time, the Supreme Court was considering a different case that addressed this very same issue.

### *Campbell-Ewald Co. v. Gomez*

On January 20, 2016, the Supreme Court issued its decision in *Campbell-Ewald Co. v. Gomez*, holding—consistent with the First Circuit's decision in this case—that an unaccepted offer to satisfy the named plaintiff's individual claim was not sufficient to render a case moot, when the complaint sought relief on behalf of the plaintiff and a class of persons similarly situated. 136 S. Ct. 663, 666 (2016). The Court held that, "in accord with Rule 68 of the Federal Rules of Civil Procedure, an unaccepted settlement offer has no force." *Id.* "Under basic principles of contract law, [the defendant's] settlement bid and Rule 68 offer of judgment, once rejected, had no continuing efficacy." *Id.* at 670. "In short, with no settlement offer still operative, the parties remained adverse; both retained the same stake in the litigation they had at the outset." *Id.* at 670-71. Because the unaccepted settlement offer did not moot the named plaintiff's individual claims, it also did not preclude class certification: "[A] would-be class representative with a live claim of her own must be accorded a fair opportunity to show that certification is warranted." *Id.* at 672.

The *Campbell-Ewald* Court did not decide "whether the result would be different if a defendant deposits the full amount of the plaintiff's individual claim in an account payable to the plaintiff, and the court then enters judgment for the plaintiff in that amount." *Id.*  The Court also did not reach the question of whether the purported class representative's claim for class relief would prevent the case from becoming moot even if the plaintiff's individual claim was mooted. *Id.* at 679 n.1 (Roberts, C.J., dissenting).  However, in concurring and dissenting opinions, Chief Justice Roberts and Justices Thomas, Scalia, and Alito stated expressly that tendering a check or depositing one with the district court would moot a plaintiff's individual claims. *Id.* at 675 (Thomas, J., concurring); *id.* at 680 (Roberts, C.J., dissenting)[2]; *id.* at 684 (Alito, J., dissenting).

### *Defendant's Rule 67 Attempt and Second Motion to Dismiss*

The day after the Supreme Court issued its decision in *Campbell-Ewald*, Defendant filed a motion to deposit $4,800 with this Court, pursuant to Rule 67(a) of the Federal Rules of Civil Procedure, as payment to Plaintiff to resolve all claims in this lawsuit.  Defendant asked this Court to "irrevocably hold the payment on behalf of Bais Yaakov, and disburse the funds to Bais Yaakov." (Docket No. 82 at 2.)  On the same day, Defendant sent Plaintiff's counsel a certified check for $4,800: $1,500 per fax under the TCPA and $100 per fax under section 396-aa.  In a letter accompanying the payment, Defendant explained that this amount represented what I had already determined—in my order certifying the interlocutory appeal—to be the maximum amount that Plaintiff could recover on the merits of its claims.  Defendant stated that the payment was irrevocable and effective immediately; that it would agree to be enjoined from sending any faxes to Plaintiff that would violate the TCPA or section 396-aa; and that it would pay any attorneys'

---

[2] The Chief Justice's dissent was joined by Justices Scalia and Alito.

fees that I awarded.  The same day, Plaintiff filed a renewed motion for class certification.  That motion remains pending.

Plaintiff's counsel returned the certified check to Defendant's counsel.  After a status conference, I lifted the stay on February 16, 2016 and set a schedule for continued discovery on the issue of class certification.  On February 25, 2016, Defendant moved to dismiss for lack of subject matter jurisdiction, on the ground that the case was moot because Defendant had unconditionally tendered full satisfaction of Plaintiff's claims.  Defendant argued that Plaintiff's claims were moot because Plaintiff had received everything that it could have been given in litigation, relying on the fact that its latest payment, unlike the Rule 68 offer, was unconditional and would not expire.  Defendant also maintained that its payment was for the full amount of Plaintiff's claims.

Contrary to Defendant's contentions, the amount of damages remain in dispute.  Defendant tendered $1,500 per fax, significantly less than the $15,000 per fax—representing multiple awards of statutory damages for each fax—to which Plaintiff claims an entitlement under the TCPA.  The First Circuit expressly acknowledged that Defendant's Rule 68 offer, which was for the same amount as the Rule 67 attempt, "equaled far less than what Bais Yaakov claims a right to recover," and cautioned that it is improper for courts to determine the measure of disputed damages—a merits decision—"under the guise of determining whether cases are moot." *Bais Yaakov*, 798 F3d at 53.  Accordingly, I found that, because the proper measure of damages for Plaintiff's claims remained in dispute, and Defendant had tendered less than the amount to which Plaintiff claimed entitlement, the tender did not satisfy Plaintiff's claims.  There remained a live controversy over the measure of damages, and Plaintiff's individual claims were not moot.

*Defendant's Second Tender and Third Motion to Dismiss*

6

Most recently, on June 13, 2016, Defendant tendered to Plaintiff a certified check in the amount of $45,600: $15,000 per fax for violations of the TCPA and $200 per fax for violations of section 396-aa.  Defendant also agrees to be enjoined from sending any faxes to Plaintiff that would violate the TCPA or any state law that similarly prohibits the sending of faxes, and from otherwise communicating with Plaintiff in any manner that violates the TCPA or applicable state laws.  Defendant further agrees to pay Plaintiff's reasonable attorneys' fees and court costs related to this lawsuit if the court determines that Plaintiff is entitled to costs and fees.  Plaintiff's counsel returned the check to Defendant's counsel, who continues to hold the funds with instructions to provide them to Plaintiff.

## Discussion

Defendant argues that this case must be dismissed because there is no longer a justiciable case or controversy.  As noted above, the *Campbell-Ewald* court left open the question of whether a tender of full payment, rather than a withdrawn offer under Rule 68, will moot a case. *See Campbell-Ewald*, 136 S. Ct. at 672.  Defendant relies on the fact that its latest payment, unlike the two previous attempts, is unconditional, will not expire, and is undisputedly for the total amount of damages to which Plaintiff claims an entitlement.

Plaintiff, for its part, relies on a recent decision from another session of this district, *South Orange Chiropractic Center, LLC v. Cayan LLC*, No. 15-13069, 2016 WL 1441791 (D. Mass. Apr. 12, 2016).[3]  I find this decision to be instructive and directly applicable to this case.  In *South Orange*, the court addressed the same issue that is now pending:  "If a defendant tenders complete

---

[3] Plaintiff also reasserts alternative arguments raised in its opposition to Defendant's second motion to dismiss. I need not address these arguments, because I find that the case is not moot pursuant to the "inherently transitory" exception discussed in *South Orange Chiropractic Center, LLC v. Cayan LLC*, No. 15-13069, 2016 WL 1441791 (D. Mass. Apr. 12, 2016).

relief to a proposed class representative, does it moot her individual claims and preclude certification of the proposed class action under Rule 23?" *Id.* at *2.  Like in the case at bar, the plaintiff in *South Orange* was a putative class-action plaintiff who sought statutory damages and injunctive relief pursuant to the TCPA.  The defendant attempted to terminate the action by tendering full relief of the plaintiff's individual claims.  In a well-reasoned decision, the court first determined that the plaintiff's individual claims were moot, because "Defendant ha[d] offered to deposit a check with the court, to satisfy all of Plaintiff's individual claims (and more), and to have the district court enter judgment in Plaintiff's favor." *Id.* at *5.  Similarly, here, Defendant has unconditionally tendered to Plaintiff everything that Plaintiff seeks on an individual basis: statutory damages in the amount to which Plaintiff claims entitlement; an injunction against future statutory violations; and costs and attorneys' fees, if awarded by the court.  Accordingly, Plaintiff no longer has a live individual claim.

Next comes the thornier issue of whether the class action remains justiciable despite satisfaction of the plaintiff's individual claims.  "[T]he First Circuit has held, in a class action case, that a putative class action 'ordinarily must be dismissed as moot if no decision on class certification has occurred by the time that the individual claims of all named plaintiffs have been fully resolved.'" *Id.* at *5 (quoting *Cruz v. Farquharson*, 252 F.3d 530, 533 (1st Cir. 2001)). However, a narrow exception to this rule has been carved out: "where a named plaintiff's individual claim becomes moot before the district court has an opportunity to rule on the certification motion, and the issue would otherwise evade review, the certification might 'relate back' to the filing of the complaint." *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1530 (2013) (citing *Sosna v. Iowa*, 419 U.S. 393, 402 n.11 (1975)).  "[T]he relation-back doctrine may apply in Rule 23 cases where it is 'certain that other persons similarly situated' will continue to be subject to the

8

challenged conduct and the claims raised are 'so inherently transitory that the trial court will not have even enough time to rule on a motion for class certification before the proposed representative's individual interest expires.'" *Id.* at 1530-31 (quoting *County of Riverside v. McLaughlin,* 500 U.S. 44, 52 (1991) (citation omitted)); *see Cruz*, 252 F.3d at 534-35 (recognizing the inherently transitory exception but concluding on the facts of that case that the plaintiffs had not shown that their claims were likely to evade review).

The *South Orange* court aptly noted that the instant issue—satisfaction of a named plaintiff's TCPA claims before the court rules on class certification—is a recurring strategy: "a flock of TCPA cases has demonstrated a widespread whac-a-mole practice aimed at picking off a named plaintiff before class certification." *South Orange*, 2016 WL 1441791, at *6. The First Circuit also acknowledged this unfortunate trend in its decision in this case:

> Rule 23 . . . creates a procedural mechanism for one person's cause of action to be brought by another. . . . The principal intended beneficiaries of this procedural device are persons who have suffered small but similar losses as a result of wrongful conduct by the same defendant or defendants. . . . For such persons, it will often make little practical sense for any one of them to bring a claim only for herself . . . . But for the existence of Rule 23, or the possibility of action by the government itself, a person or company who wrongfully causes a small amount of damage to each of a large number of persons will likely retain the fruits of that wrongful action.
> . . .
> Against this background, ACT advances a nifty stratagem for defeating motions for class certification: offer only the named plaintiff full payment for its individual claims, and then move to dismiss the suit as moot before the court has a chance to consider whether the plaintiff should be allowed to represent the putative class. In recent years, this stratagem has become a popular way to try to thwart class actions . . . .

*Bais Yaakov*, 798 F.3d at 48–49 (citations omitted).

As the *South Orange* court noted, "[o]ther circuits . . . have held that this 'nifty stratagem' implicates the 'inherently transitory' exception in the Rule 23 context." *South Orange*, 2016 WL 1441791, at \*7; *see Stein v. Buccaneers Ltd. P'ship*, 772 F.3d 698, 706-07 (11th Cir. 2014); *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1090-91 (9th Cir. 2011); *Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1250 (10th Cir. 2011); *Weiss v. Regal Collections*, 385 F.3d 337, 347 (3d Cir. 2004), *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016). I also agree with the *South Orange* court's conclusion that "Defendant's attempt to moot the request for classwide statutory damages falls within the 'inherently transitory' exception . . . because the class issues will likely evade review." *South Orange*, 2016 WL 1441791, at \*7. Accordingly, I find that although Plaintiff's individual claims have become moot, a justiciable controversy remains.

### Conclusion

For the reasons set forth above, Defendant's motion to dismiss (Docket No. 128) is ***denied***. **SO ORDERED.**

/s/ *Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**