UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| BAIS YAAKOV OF SPRING VALLEY, | ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION NO. 4:12-40088-TSH |
| Plaintiff, |
| v. |
| ACT, INC., |
| Defendant. |

**MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DISMISS OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT AND PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**
**(Docket Nos. 189 & 192)**

**February 6, 2020**

**HILLMAN, D.J.**

Bais Yaakov of Spring Valley ("Plaintiff") brought this action against ACT, Inc. ("Defendant"), alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and a similar New York state law ("New York GBL"), N.Y.G.B.L. § 396-aa. Defendant moves to dismiss Plaintiff's claims as moot or, alternatively, moves for summary judgment. Plaintiff cross-moves for summary judgment. For the reasons set forth below, the Court *grants in part* and *denies in part* Defendant's motion and *denies* Plaintiff's motion. (Docket Nos. 189 & 192).

**Background**

Defendant is a company that provides student assessment services. (Docket Nos. 191 at 1, 194 at 4, 197 at 1, 199 at 1). As is relevant to this action, Defendant administers the ACT, a college admissions exam. (Docket Nos. 191 at 1, 194 at 4, 197 at 1, 199 at 1). On March 5, 2012, April 22, 2012, and May 13, 2012, Plaintiff, a private high school in New York, received faxes from

Defendant highlighting the registration deadlines for upcoming administrations of the ACT and offering Plaintiff the chance to become an ACT test center. (Docket Nos. 191 at 3–4, 194 at 3–4, 197 at 2–3, 199 at 3). Plaintiff filed suit in this Court, arguing that these faxes violated the TCPA and the New York GBL. (Docket No. 1).

## **Discussion**

### *1. Mootness*

Defendant moves to dismiss this case for lack of subject matter jurisdiction. Defendant suggests that the case is moot because, having unconditionally tendered to Plaintiff the statutory damages that it seeks on an individual basis, agreed to submit to an injunction against future statutory violations, and agreed to pay reasonable costs and attorneys' fees, if awarded by the court, Defendant has given Plaintiff complete relief on its remaining claims. The Court disagrees for two reasons. First, Defendant admitted during a hearing before this Court on February 3, 2020, that it has redeposited the check tendered to Plaintiff in June 2016. Thus, it no longer unconditionally provides Plaintiff the full statutory damages Plaintiff seeks. Second, agreement to submit to an injunction does not carry the same legal effect as entrance of an injunction. Absent any motion by the parties for the Court to enter an injunction or any evidence from Defendant demonstrating there is no risk it will send faxes violating the TCPA to Plaintiff in the future,[1] Defendant cannot show that Plaintiff has received complete relief. Accordingly, the Court ***denies*** the motion to dismiss. If Defendant corrects these deficiencies and renews his motion, however, the Court will reconsider the issue of mootness.

---

[1] Defendant provides evidence that it has not sent any fax to Plaintiff since May 2012 and that it generally stopped sending the challenged faxes in 2012. (Docket No. 85-6 at 106–07, 150–51). But Defendant does not offer any testimony indicating that it will refrain from sending faxes violating the TCPA to Plaintiff in the future.

*2. TCPA Claim*

The TCPA prohibits any person from using a facsimile machine to send unsolicited advertisements to a recipient within the United States. 47 U.S.C. § 227(b)(1). The parties dispute whether Defendant's faxes constitute "advertisements" or are "unsolicited" within the scope of this prohibition. For the following reasons, the Court ***denies*** both parties' motions for summary judgment on this claim.

**A. Advertisements**

The TCPA defines unsolicited advertisements as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." *Id.* § 227(a)(5). The statute does not specify what qualifies as an "advertisement," *see Physician's Healthsource, Inc. v. Vertex Pharm. Inc.*, 247 F. Supp. 3d 138, 150 (D. Mass. 2017), but courts have generally held that, to be an advertisement, a "fax must promote goods or services to be bought or sold, and it should have profit as an aim," *Sandusky Wellness Ctr., LLC v. Medco Health Sols., Inc.*, 788 F.3d 218, 222 (6th Cir. 2015). The Federal Communications Commission has also clarified that "four types of messages do not fall under the purview of the TCPA: (1) informational messages, (2) transactional messages; (3) non-commercial messages from non-profit organizations; and (4) non-advertisement messages with an incidental amount of advertising." *Vertex Pharm. Inc.*, 247 F. Supp. 3d at 150.

A genuine dispute of material fact exists as to whether Defendant's faxes qualify as advertisements under the TCPA. On the one hand, two of the faxes ask counseling staff to "please remind your students" about an upcoming administration of the ACT, and they provide the link at which students can register. (Docket No. 1-1 at 2, 3). Plaintiff also offers evidence that Defendant

sent the three faxes as part of a marketing strategy to increase the volume of students registering for the exam. (Docket No. 20-7 at 33–37, 47–48, 50, 66–68, 72–75, 87–89, 110). A reasonable factfinder could determine, based on this record, that the faxes solicit additional registrants for the ACT, a commercial service. *Bais Yaakov of Spring Valley v. Alloy, Inc.*, 936 F. Supp. 2d 272, 283 (S.D.N.Y. 2013) (finding that faxes offering free videos and equipment for a school to use with its students "seek subscribers to what is plainly a commercial product" despite "the fact that the recipient of the fax is not the one paying for the product"); *see also* § 227(a)(5); *Sandusky Wellness Ctr., LLC*, 788 F.3d at 222 ("An advertisement is any material that promotes the sale (typically to the public) of any property, goods, or services available to be bought or sold so some entity can profit.").

On the other hand, the faxes were sent out broadly to high schools across the Northeast and contained general information. They alerted counseling staff—i.e., individuals who could not themselves register for the test—about upcoming registration deadlines[2] and provided guidance on how a school could become a test center.[3] (Docket No. 1-1 at 2–4). The faxes did not list the costs any student would need to pay to register for the ACT or reference the quality of the test. *See Vertex Pharm. Inc.*, 247 F. Supp. 3d at 151. And in this case, at least, the faxes were sent to a school that had had students previously register for the exam, providing some basis for the inference that counseling staff would appreciate the information. (Docket No. 191-2 at 32–35). A

---

[2] And while those faxes asked counseling staff to "please remind [their] students" about those deadlines, Defendant offers testimony that it did not intend for counseling staff to encourage students to register for the test. (Docket No. 199-1 at 6).
[3] The information on how to become a test center arguably solicited services *from* Plaintiff rather than *to* Plaintiff.

4

reasonable factfinder could determine from this record that the faxes "do not fall under the purview of the TCPA." *See Vertex Pharm. Inc*., 247 F. Supp. 3d at 150.

In sum, because reasonable minds could disagree on whether the faxes are "advertisements" within the meaning of the TCPA, the Court declines to grant either party's motion for summary judgment.

### B. Unsolicited

An advertisement is unsolicited when it is "transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5). Defendant suggests that, even if the factfinder determines its faxes were advertisements, it is entitled to summary judgment because Plaintiff gave Defendant express permission to send faxed advertisements. Defendant highlights a form submitted by Plaintiff's Assistant Principal to Educational Testing Service in 2005. This form requested a Level II code, which would allow Plaintiff to "receive [its] students' SAT, PSAT/NMSQT, PLAN, or ACT scores; receive SAT and ACT publications; administer PLAN, PSAT/NMSQT, and AP exams." (Docket No. 191-4 at 10–11). According to Defendants, by including its fax number in this submission, Plaintiff consented to receive "test-related correspondence by fax" from Defendant. (Docket No. 190 at 14).

The Court disagrees. Although the form provides some evidence that Plaintiff consented to receive ACT scores and/or ACT "publications" by fax, Defendant has not shown that faxed advertisements fall within the scope of either category. *Cf. Bais Yaakov of Spring Valley v. Educ. Testing Serv*., 367 F. Supp. 3d 93, 102–03 (S.D.N.Y. 2019) ("However, Plaintiff never gave prior express permission or invitation to ETS, HMH, or anyone else to send Plaintiff *fax advertisements*." (emphasis in original)); *In the Matter of Rules and Regs. Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd. 14014, 14129 (July 3, 2003) ("[A] company wishing

5

to fax ads to consumers whose numbers are listed in a trade publication or directory must first obtain the express permission of those consumers. Express permission to receive a faxed ad requires that the consumer understand that by providing a fax number, he or she is agreeing to receive faxed advertisements."). And because express permission is an affirmative defense for which Defendant bears the burden of proof, the Court declines to award summary judgment in the absence of such a showing. *See Vertex Pharm. Inc.*, 247 F. Supp. at 150; *see also Breda v. Cellco P'ship*, 934 F.3d 1, 4 n.4 (1st Cir. 2019).

### 3. New York GBL Claim

Defendant moves for summary judgment on Plaintiff's New York GBL claim. Plaintiff does not appear to contest this portion of Defendant's motion, and the Court agrees that Defendant is entitled to judgment on the merits. The New York GBL prohibits sending "unsolicited" faxes "promoting goods or services for purchase by [the] recipients . . . ." N.Y.G.B.L. § 396-aa(a). Here, no reasonable juror could find that Defendant offered goods or services for purchase by Plaintiff, the recipient of the faxes. *See Bais Yaakov of Spring Valley v. Richmond, the Am. Int'l Univ. in London, Inc.*, No. 13-CV-4564 CS, 2014 WL 4626230, at *4–5 (S.D.N.Y. Sept. 16, 2014). The Court thus ***grants*** Defendant's motion as to this claim.

### Conclusion

For the reasons set forth above, Defendant's motion (Docket No. 189) is ***granted in part*** and ***denied in part***. Plaintiff's motion (Docket No. 192) is ***denied***.

**SO ORDERED.**

                                                  */s/ Timothy S. Hillman*
                                                  TIMOTHY S. HILLMAN
                                                  DISTRICT JUDGE