**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____
                            )
**BAIS YAAKOV OF SPRING VALLEY,**  )
             **Plaintiff,**      )        **CIVIL ACTION**
                            )        **NO. 4:12-40088-TSH**
           **v.**               )
                            )
**ACT, INC.,**                    )
                 **Defendant.**   )
_____ )

**MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DISMISS**
**(Docket No. 207)**

**May 21, 2020**

**HILLMAN, D.J.**

Bais Yaakov of Spring Valley ("Plaintiff") brought this action against ACT, Inc. ("Defendant"), alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and a similar New York state law. Defendant moves to dismiss for lack of subject matter jurisdiction, arguing that Plaintiff's claims are moot. (Docket No. 207). The Court agrees that Plaintiff no longer has a cognizable interest in any injunctive[1] or monetary relief and thus that its claims are moot. *See Town of Portsmouth, R.I. v. Lewis*, 813 F.3d 54, 58 (1st Cir. 2016) ("[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable

---

[1] Although the Court assumes for the purposes of this motion that an award of injunctive relief would have been appropriate in this case, the Court is not convinced. The Complaint seeks an injunction to prevent ACT from sending future faxes that violate the TCPA, and as Plaintiff acknowledges, a general obey-the-law injunction does not constitute meaningful relief. (Docket No. 212 at 12). Plaintiff now suggests that it seeks to prevent ACT from sending *any* faxes to Bais Yaaokv in the future. There are, however, legal reasons ACT may need to send Bais Yaakov faxes in the future, e.g., transmitting a student's score on its exam.

interest in the outcome." (quoting *Am. Civil Liberties Union of Mass. v. U.S. Conference of Catholic Bishops* (*ACLUM*), 705 F.3d 44, 52 (1st Cir. 2013)) (alteration in original)).

First, as to injunctive relief, the Court finds it significant that Defendant has not transmitted the disputed faxes to anyone since 2012 and has no plans to transmit these faxes in the future.  An injunction would not provide any meaningful relief to Plaintiff under these circumstances. Plaintiff argues that its claims nonetheless remain live under the voluntary cessation exception to mootness.  But the voluntary cessation exception does not apply if a defendant shows that "the allegedly wrongful behavior could not reasonably be expected to recur," and here, Defendant has made the requisite showing.  *ACLUM*, 705 F.3d at 55 (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc*., 528 U.S. 167, 190 (2000)).  Defendant, after all, has not sent *any* fax to Plaintiff since 2012, has removed Plaintiff from its internal databases, and has expressly "agree[d] not to send any facsimiles in the future to any telephone facsimile machine owned by Bais Yaakov that violate the Telephone Consumer Protection Act."[2]  (Docket No. 208-2 at 8).

Second, as to monetary relief, Defendant has unconditionally tendered to Plaintiff all the statutory damages that it seeks on an individual basis (including statutory damages for the dismissed New York state law claims).  As the Court could not order Defendant to pay Plaintiff

---

[2]     This covenant, moreover, is backed by an agreement "to pay Bais Yaakov one thousand five hundred dollars ($1,500) for any facsimile that ACT sends in the future to a telephone facsimile machine owned by Bais Yaakov that fails to contain the information that is required under the TCPA." (Docket No. 208-2 at 8).  Plaintiff suggests that this covenant is not enforceable, but ACT, having relied on its agreement to this condition to moot the instant case, would be hard-pressed to disclaim it in the future. *See Already, LLC v. Nike, Inc*., 568 U.S. 85, 94 (2013) ("Nike, having taken the position in court that there is no prospect of such a shoe, would be hard pressed to assert the contrary down the road."); *New Hampshire v. Maine,* 532 U.S. 742, 749 (2001) ("'[W]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him' " (quoting *Davis v. Wakelee,* 156 U.S. 680, 689 (1895))).

any sum beyond what Plaintiff has already received from Defendant, an award of monetary damages would be meaningless. *See Lewis*, 813 F.3d at 58 ("Another way of putting this is that a case is moot when the court cannot give any effectual relief to the potentially prevailing party." (quoting *ACLUM*, 705 F.3d at 52)).

In sum, because there are no live issues for the Court to resolve and the parties lack any legally cognizable interest in the outcome, the Court ***grants*** Defendant's motion to dismiss the case for mootness. (Docket No. 207).

**SO ORDERED.**

***/s/ Timothy S. Hillman***
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**

3